# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| REXIE ALLEN ANDRADE, | ) | |
| | ) | |
| Petitioner, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:07CV548 |
| | ) | 1:06CR20 |
| Respondent. | ) | |

Petitioner Rexie Allen Andrade, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (docket no. 29.)[1] Petitioner was originally indicted on one count of distribution of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and one count of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (docket no. 1.) He later pled guilty to the cocaine base charge. (docket nos. 14, 16.) In a judgment entered on July 27, 2006, he was sentenced to 120 months of imprisonment. (docket no. 26.) Petitioner filed no direct appeal, but instead filed his current motion under § 2255. Respondent has filed a response seeking to have the motion denied. (docket no. 33.) Despite being notified of his right to file a reply along with evidence supporting his case, Petitioner has not done so. The motion is now before the court for a decision.

## **DISCUSSION**

---

[1] This and all further cites to the record are to the criminal case.

**Claim One**

All of Petitioner's claims are based on allegations of ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would have not pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985).

The supporting facts for Petitioner's first claim, in their entirety, state that, "I wrote and informed my Attorney several times, asking him to file my direct appeal. But I never received a response." (docket no. 29 at 5.) Petitioner's claim is wholly conclusory. He does not set out the timing or the nature of his writings, and it is not clear whether Petitioner's alleged requests came before or after the time for filing an appeal had already run.

In contrast to Petitioner's sparse statement, Respondent has provided actual evidence on this issue in the form of an affidavit from Petitioner's former attorney, Gregory Davis. Davis states that, following sentencing, he received a telephone call from Petitioner's mother stating that Petitioner wanted to file an appeal. Following the entry of the judgment, Davis visited with Petitioner in jail and discussed the possibility of an appeal. Davis advised against an appeal because it would be futile given that Petitioner received the lowest sentence possible under the applicable statutes. Davis did offer Petitioner the chance to reduce his sentence by cooperating in a case against a co-defendant. (docket no. 33, ex. A. ¶¶ 10-11.)

At the end of his discussion with Davis, Petitioner decided that he did not want to appeal or cooperate. He then signed a waiver of his appeal rights, which Davis includes as an attachment to his affidavit. The waiver states that Petitioner discussed the possibility of an appeal with Davis, but it directs Davis not to file an appeal. Davis did not receive any further communications from Petitioner regarding an appeal. (*Id.* ¶¶ 12-13.)

As already noted, Petitioner was informed of the fact that Respondent had filed a response and told that he had the chance to refute it with a brief or evidence. Petitioner chose not to do so. As a result, the court is left with his bald, conclusory, and insufficient allegations versus evidence in the form of sworn testimony and a waiver of appeal rights signed by Petitioner. Mere allegations without more are not enough to warrant an evidentiary hearing, particularly in the face of proper contrary

evidence. Petitioner's claim fails for being conclusory and should be dismissed. *Nickerson*, *supra*.

### Claim Two

Petitioner's second claim for relief asserts that his attorney failed him by not challenging the 49.9 grams of cocaine base used in calculating his sentence. He also complains that his attorney advised him that he faced a sentence of 78-97 months before bringing him a plea offer that contained a sentence of ten years to life. Neither of these allegations raises a meritorious claim.

Petitioner gives no basis for challenging the drug amount used to calculate his sentence. In fact, 49.9 grams is the precise amount listed in his indictment, plea agreement, and factual basis for the plea agreement. (docket nos. 1, 14, 16.) He does not explain why he agreed to plead guilty to that amount if there was some reason to challenge it or how his attorney could have possibly challenged it at sentencing. His claim is entirely conclusory. Furthermore, the 120-month sentence Petitioner received was the statutory minimum because Respondent filed an enhancement based on Petitioner's prior record. (docket no. 11); 21 U.S.C. § 841. Lowering the amount of drugs would not have changed Petitioner's sentence. Counsel did not err and Petitioner was not prejudiced by the failure to challenge the drug amount.

As for any sentencing estimate given by counsel prior to Petitioner receiving the plea agreement in the case, it is simply not relevant. Whatever Petitioner's

-4-

counsel may have estimated at some early point in the case, by the time Petitioner signed his plea agreement Respondent had already filed the information of prior conviction stating that Petitioner had been convicted of a prior drug felony (docket no. 11), and this would have rendered any earlier advice inapplicable. Moreover, the plea agreement states that Petitioner would be sentenced to not less than ten years in prison if he had a prior drug felony on his record. (docket no. 14 ¶ 2(a).) Whatever Petitioner may have expected based on earlier conversations, he knew the penalties he faced at the time he signed his plea agreement. He eventually received the shortest sentence allowed under the plea bargain he signed. He could not have been prejudiced by any earlier estimate and his claim should be denied.

## Claim Three

Petitioner's final claim alleges that his attorney erred by failing to argue at sentencing that his sentence should be lower based on the 100-to-1 crack-to-powder ratio found in federal sentencing. This claim fails for the same reason as his second claim. Petitioner received his sentence based on his prior felony drug conviction and not on the amount of drugs he possessed. His proposed sentencing argument could only affect calculations under the United States Sentencing Guidelines; nevertheless his ten-year sentence was required by statute no matter how low his guideline range turned out to be. Counsel did not err by failing to raise a futile argument.

-5-

Accordingly, all of Petitioner's claims fail and his motion should be denied.  **IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 29) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

March 25, 2008